In re Alvin R. RYAN and Sandra L. Ryan, Debtors.

Alvin R. RYAN and Sandra L. Ryan, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Bankruptcy No. 92–12524.
Adv. No. 92–1132.

United States Bankruptcy Court, S.D. Alabama.

Sept. 27, 1993.

Irvin Grodsky, Mobile, AL, for Alvin R. Ryan and Sandra L. Ryan, debtors/plaintiffs.

Bill Sawyer, Mobile, AL, for U.S., defendant.

## *MEMORANDUM OPINION*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the complaint of the plaintiffs, Alvin and Sandra Ryan, to determine the dischargeability of federal income taxes and the amount of any non-dischargeable tax. Appearing were Irvin Grodsky for the Plaintiffs and Bill Sawyer for the Defendant. After receiving testimony and reviewing all evidence of record, the Court makes the following findings of fact and conclusions of law.

## *FINDINGS OF FACT*

The Debtors filed a Chapter 7 proceeding on December 28, 1992. In 1990, the Debtors requested their employers to withhold federal income tax above their anticipated 1990 income tax liability. Consequently, the Debtors overpaid their 1990 tax liability by $1,319.00.

The Debtors requested the Internal Revenue Service in writing to apply the overpayment to their 1989 federal income tax liabili-

ty. Instead, the Internal Revenue Service applied the 1990 overpayment to taxes owed by the Debtors for the 1986 tax year. According to the Internal Revenue Service the Debtors owed $1,550.87, including penalty and interest, for their 1989 income taxes as of December 28, 1992. The original amount assessed, including penalty and interest, for the 1989 taxes was $1,078.98. The Internal Revenue Service had not previously initiated any administrative or judicial action to collect the 1986 taxes.

The Internal Revenue Service now contends that the Debtors owe approximately $1,550.87, including penalty and interest, for their 1989 income taxes. The Debtors contend that no balance for 1989 income taxes is owed.

### CONCLUSIONS OF LAW

■ If a payment of taxes is voluntary, the taxpayer may direct how the payment is to be applied by the Internal Revenue Service. *See Matter of A & B Heating & Air Conditioning,* 823 F.2d 462 (11th Cir.1987). The Eleventh Circuit stated the rule as follows:

> As a general rule, when a taxpayer directs the manner in which a payment is to be allocated among various taxes due, the Internal Revenue Service must comply with the taxpayer's request. (citation omitted). When, however, a payment is involuntary, the Government is free to allocate the payment as it chooses. (citation omitted). The definition of involuntary payment is set forth in Amos v. Commissioner, 47 T.C. 65, 69 (1966): "an involuntary payment of federal taxes means any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the Government is seeking to collect its delinquent taxes or file a claim therefore."

■ Under the above rule, the Debtors' overpayment to the Internal Revenue Service in 1990 was voluntary. The Debtors deliberately overpaid their income taxes in 1990 and directed the Internal Revenue Service to allocate the overpayment to their 1989 taxes. At the time of the Debtors' request, the Internal Revenue Service had not taken

*any* action to collect the delinquent taxes. Therefore, based on the Eleventh Circuit rule, the Internal Revenue Service was required to follow the Debtors' directions and erred in not so doing.

■ Thus, in effect, the Internal Revenue Service "seized" the Debtors' 1990 voluntary tax payment when it applied the $1,319.00 payment to taxes owed for the 1986 tax year. The Internal Revenue Service notified the Debtors of its actions approximately one year before the Debtors filed for Chapter 7 relief. Under § 542(a) of the Bankruptcy Code, property seized by the Internal Revenue Service to satisfy a tax lien is subject to a turnover order. *See United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). "Nothing in the Bankruptcy Code or its legislative history indicates that Congress intended a special exception for the tax collector in the form of an exclusion from the estate of property seized to satisfy a tax lien". *Id.* at 209, 103 S.Ct. at 2315–16. Having previously determined that the Debtors' payment in 1990 was voluntary, the Court now directs the Internal Revenue Service to turn over the $1,319.00 to the bankruptcy estate to be distributed accordingly.

The Debtors' 1989 tax liability in the original amount assessed ($1,078.98) is a nondischargeable debt to the Internal Revenue Service and the Internal Revenue Service remains entitled to all rights enjoyed by other creditors, as well as the specific privileges accorded tax collectors. *Id.* at 212, 103 S.Ct. at 2317. Under § 507 of the Bankruptcy Code, the Debtors' obligations for federal income taxes for calendar years 1986, 1987 and 1988 are dischargeable.

### JUDGMENT

The complaint of the Plaintiffs, Alvin and Sandra Ryan to determine the dischargeability of federal income taxes and the amount of any non-dischargeable tax against The United States of America, having been tried before the court and after receiving testimony and reviewing all evidence of record, and in conformity with and pursuant to the **Memo-**

randum **Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED, and DECREED** that the relief sought in the complaint of the Plaintiffs, Alvin and Sandra Ryan is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED, ADJUDGED, and DECREED** that pursuant to 11 U.S.C. § 507, the 1986, 1987, and 1988 taxes are dischargeable; and it is further

**ORDERED, ADJUDGED, and DECREED** that pursuant to 11 U.S.C. § 507, the 1989 taxes are nondischargeable; and it is further

**ORDERED, ADJUDGED and DECREED** that the 1990 overpayment to the Internal Revenue Service was voluntary and the overpayment should either be applied against Alvin and Sandra Ryan's 1989 tax liability as property of the bankruptcy estate herein or should be refunded to Theodore L. Hall, Trustee; and it is further

**ORDERED, ADJUDGED and DECREED** that should the Internal Revenue Service elect to credit the overpayment to the 1989 tax liability rather than issue a refund, that any remaining proceeds shall be refunded to Theodore L. Hall, Trustee.